## Case No. 10,478.

### In re OLCOTT.

[2 Ben. 443.] 1

District Court, S. D. New York. May, 1868.

INJUNCTION.—EXECUTION.

Where an execution had been issued on a judgment against a bankrupt, and a levy made under it, and thereupon, on the filing of a petition in bankruptcy by the judgment debtor, an injunction was issued restraining proceedings on the execution, and thereafter a motion was made to dissolve the injunction, on which the bankrupt produced affidavits to show that he had no interest whatever in the property levied on: held, that, as the assignee, though notified of the proceedings, had taken no steps to acquire possession of the property, and as it did not appear that the proceedings of the creditor under the execution would affect any one who was entitled to the protection of the court under the bankruptcy act [of 1867 (14 Stat. 517)] the injunction would be dissolved.

In this case the petition of the bankrupt [Cornelius Olcott] was filed in July, 1867, and on an affidavit of the bankrupt, an order was made, enjoining the Ocean Bank from proceeding under an execution issued upon a judgment against the bankrupt, under which execution a levy had been made upon certain personal property as being the property of the bankrupt. The assignee in bankruptcy was appointed in August, 1867. In November, 1867, a motion was made in behalf of the bank, to dissolve the injunction, which was from time to time adjourned. The question whether there was a valid levy upon the property under the execution, was contested.

BENEDICT, District Judge. This is a motion made by the Ocean Bank to dissolve the injunction heretofore granted, restraining the bank from further proceedings upon an execution issued against the bankrupt. by virtue of which the bank claimed to have levied upon certain personal property.

In the aspect which the case now presents, I do not deem it necessary to consider, upon this motion, the question whether the bank had or had not a valid levy upon the property described in the papers; for the bankrupt, as it appears, makes no claim to the ownership or possession of this property, but, on the contrary, expressly declares that it is the property of his wife, and that he has no interest whatever in it;

while the assignee in bankruptcy, having been appointed and notified of these proceedings, and having had abundant time and opportunity, does not see fit to take any steps to acquire possession of the property, and asks no relief at the hands of the court in relation thereto.

Inasmuch, therefore, as it does not appear that the proceeding of the bank against the property in question will affect the interests of any party entitled to the protection of this court, under the bankruptcy act, no reason exists why the power of the court should be exercised to stay such proceedings.

The injunction, therefore, is dissolved.